# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JENAM TECH, LLC,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>LG ELECTRONICS, INC. and LG ELECTRONICS MOBILECOMM U.S.A., INC.,<br>　　　　　Defendants. | Civil Action No.: 4:19-cv-00249<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Jenam Tech, LLC ("Jenam Tech" or "Plaintiff") files this Complaint against LG Electronics, Inc. and LG Electronics MobileComm U.S.A., Inc. (together "Defendants") seeking damages and other relief for patent infringement, and alleges with knowledge to its own acts, and on information and belief as to other matters, as follows:

## PARTIES

1.　　Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 211 West Tyler Street, Suite C, Longview, Texas, 75601.

2.　　Defendant LG Electronics, Inc. is a foreign corporation organized under the laws of Korea, with its principal place of business at 150-721, LG Twin Towers, Yeouido-daero, Yeongdeungpo-Gu, Seoul, South Korea.

3.　　Defendant LG Electronics MobileComm U.S.A., Inc. is a California corporation with a place of business at 1000 Sylvan Ave., Englewood Cliffs, NJ 07632-3302.

4. Defendants do business in Texas, directly or through intermediaries and offer products or services, including those accused herein of infringement, to customers, and potential customers located in Texas, including in the Eastern District of Texas.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. §101, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c)(3), 1400(b). Defendant LG Electronics, Inc. is a foreign corporation that may be sued in this judicial district. LG Electronics MobileComm U.S.A., Inc. maintains a physical place of business within the State, including in the Eastern District of Texas at 2151-2155 Eagle Parkway, Fort Worth, Texas 76177.

7. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process or the Texas Long Arm Statute, because Defendants do substantial business in this forum, including: (i) making, using, selling, importing, and/or offering for sale smartphones and tablets (e.g., LG V40 series, V35 series, G7 series, LG Gpad, G Pad X, G Pad II, etc.), each including a non-transitory computer readable medium (e.g., memory) and running a web browser (e.g., Google Chrome, etc.) ("Accused Devices"); or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to citizens and residents in Texas and in this District.

## THE PATENTS-IN-SUIT

8. On September 3, 2017, Robert Paul Morris filed United States Patent Application No. 15/694,802 ("the '802 Application"). The '802 Application was duly examined and issued as United States Patent No. 9,923,995 ("the '995 Patent") (entitled "Methods, Systems, and Computer

Program Products for Sharing Information for Detecting an Idle TCP Connection"), on March 20, 2018.

9. Jenam Tech is the owner of the '995 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '995 Patent.

10. The '995 Patent is valid and enforceable. A true and correct copy of the '995 Patent is attached hereto as Exhibit A.

11. On September 3, 2017, Robert Paul Morris filed United States Patent Application No. 15/694,803 ("the '803 Application"). The '803 Application was duly examined and issued as United States Patent No. 9,923,996 ("the '996 Patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on March 20, 2018.

12. Jenam Tech is the owner of the '996 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '996 Patent.

13. The '996 Patent is valid and enforceable. A true and correct copy of the '995 Patent is attached hereto as Exhibit B.

14. The '995 and '996 Patents are collectively referred to herein as the "Patents" or the "Patents-in-Suit."

15. Jenam Tech has not practiced any claimed invention of the Patents-in-Suit.

16. Defendants infringe the Patents at least through making, using, selling, importing, and/or offering to sell the Accused Devices.

**COUNT I: INFRINGEMENT OF THE '995 PATENT**

17. Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

18. The '995 Patent includes 30 claims. '995 Patent, Ex. A at 23:4–28:16.

19. Defendants directly infringe one or more claims of the '995 Patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Devices. *See* Claim Chart for the '995 Patent, attached hereto as Exhibit C.

20. Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '995 Patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Devices. *See* Claim Chart for the '995 Patent, attached hereto as Exhibit C. As demonstrated by the attached claim chart, each and every element of Claim 1 of the '995 Patent is found in the Accused Devices.

21. Defendants have had actual knowledge of the '995 Patent at least as early as the date of service of this Complaint.

22. Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

## COUNT II: INFRINGEMENT OF THE '996 PATENT

23. Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

24. The '996 Patent includes 30 claims. '996 Patent, Ex. B at 23:27–28:42.

25. Defendants directly infringe one or more claims of the '996 Patent without authority by making, using (including without limitation testing), selling, importing, and/or

offering to sell products and systems, including by way of example, the Accused Devices. *See* Claim Chart for the '996 Patent, attached hereto as Exhibit D.

26. Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '996 Patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Devices. *See* Claim Chart for the '996 Patent, attached hereto as Exhibit D. As demonstrated by the attached claim chart, each and every element of Claim 1 of the '996 Patent is found in the Accused Devices.

27. Defendants have had actual knowledge of the '996 Patent at least as early as the date of service of this Complaint.

28. Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declaring that Defendants have infringed the Patents;

B. Awarding damages in an amount to be proven at trial, but in no event less than a reasonable royalty for Defendants' infringement including pre-judgment and post-judgment interest at the maximum rate permitted by law;

C. Ordering an award of reasonable attorneys' fees and enhanced damages as appropriate against Defendant to Jenam Tech as provided by 35 U.S.C. § 285;

D. Awarding expenses, costs, and disbursements in this action against Defendants, including prejudgment interest; and

E. All other relief necessary or appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 3, 2019                                     Respectfully submitted,

                                              By:  /s/
                                                   Jeffrey G. Toler
                                                   Texas State Bar No. 24011201
                                                   Benjamin Johnson
                                                   Texas State Bar No. 24065495

                                                   **TOLER LAW GROUP, PC**
                                                   8500 Bluffstone Cove, Suite A201
                                                   Austin, Texas 78759
                                                   Tel. (512) 327-5515
                                                   Fax (512) 327-5575
                                                   bjohnson@tlgiplaw.com
                                                   ATTORNEYS FOR PLAINTIFF
                                                   JENAM TECH, LLC